UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT INGRAHAM JR.

CASE No. 8:11-CV-2122-T-23TGW

v.

UNITED STATES ATTORNEY
MIDDLE DISTRICT OF FLORIDA

REPORT AND RECOMMENDATION

The plaintiff has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for his complaint which alleges the violation of his civil rights for, inter alia, discriminating against him "as a citizen" (Doc. 1, p. 1).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the plaintiff's complaint (Doc. 1) is a rambling and incoherent narrative. It alleges the violation of his civil rights, seemingly based on the public's purported refusal to "obey the laws of this land," and harassment by unidentified

people, possibly on the basis of religion. The complaint does not, however, identify unlawful conduct by the defendant.

Furthermore, "[t]raditional common-law immunities for prosecutors apply to civil cases brought under § 1983." Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010). Thus, a prosecutor is absolutely immune from suit for all actions that he takes while performing his function as an advocate for the government. Barr v. Gee, 2011 WL 3585815 at *8 (11th Cir. 2011)(unpub.dec.). Consequently, to the extent that the plaintiff is challenging the defendant's discretionary prosecutorial decisions, such a complaint is not actionable.

In sum, the plaintiff has patently failed to satisfy the requirements of Rule 8, F. R. Civ. P., because there is not a short and plain statement showing that he is entitled to some relief. Specifically, the plaintiff has failed to specify any wrongdoing by the defendant, or allege any legally cognizable injury.

Consequently, the complaint fails to state a claim on which relief may be granted. §1915(e)(2)(B)(ii). However, under these circumstances, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F. R. Civ. P.). I therefore recommend that the complaint be dismissed and the Motion to Proceed In Forma Pauperis (Doc. 2) be

deferred pending an opportunity for the plaintiff to file within thirty days a cognizable amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
DATED: SEPTEMBER 26, 2011     UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).